```
Jonathan H. Siegel   #78143
Latika Malkani       #184301
Sarah Beard          #240340
SIEGEL & LEWITTER
1939 Harrison Street, Suite 307
Oakland, California  94612
(510) 452-5000
(510) 452-5004 (fax)

Attorneys for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE BYERS, ELLA RAIFORD, MARTHA VAZQUEZ, MEL GARCIA and J. MICHAEL TORRES, | Case No. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| SERVICE EMPLOYEES INTERNATIONAL UNION, ANDREW L. STERN, MARY KAY HENRY and THOMAS V. DEBRUIN, | |
| Defendants. | |

NOW COME the plaintiffs, ROSIE BYERS, ELLA RAIFORD, MARTHA VAZQUEZ, MEL GARCIA and J. MICHAEL TORRES, by and through their counsel, and file this Complaint for Declaratory and Injunctive Relief as follows:

### INTRODUCTION

1. This matter is brought by five union members pursuant to Title I of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 USC § 401 *et seq.* to vindicate their rights to free speech and free and equal participation in the affairs of their labor

1
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

organization, the defendant Service Employees International Union ("SEIU" or "International"). Plaintiff have been subject to conduct by the SEIU designed to limit, inhibit and chill their exercise of their rights of free speech and equal participation as active members and advocates for democratic policies within their union and in retaliation for their intent to engage in such advocacy at the convention of the defendant SEIU on June 2-4, 2008 in San Juan, Puerto Rico.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 USC § 1331 and 29 USC §§ 185 and 412. Pursuant to 29 USC § 412, venue is appropriate in any District where a violation of the LMRDA occurred; in this case, plaintiffs have engaged in their advocacy, free speech and attempts to participate in their union in this Judicial District and the threats and other conduct described herein occurred, *inter alia*, in this Judicial District.

## PARTIES

3. Plaintiff ROSIE BYERS is currently, and has been at all material times herein, a member of the United Healthcare Workers-West and its predecessor Service Employees International Union Local 250 (referred to collectively as "UHW") a local labor organization which is affiliated with the defendant Service Employees International Union. Plaintiff Byers has been employed as a home health care provider for 31 years including working at In-Home Support Services Consortium in San Francisco, California, and her employer(s) have at all relevant times had a labor agreement with UHW. At all such times, plaintiff Byers has been member of UHW. For approximately the last ten years, plaintiff has been an active participant in the affairs of her union and has been elected by her co-workers and constituents to serve as a shop steward and an Executive Board member of UHW. She was most recently reelected to the Executive Board in 2006. As an Executive Board member of the UHW, plaintiff Byers will serve as a delegate on behalf of her constituents to the convention of the International Union in San Juan, Puerto Rico on June 2-4, 2008.

///

Siegel & LeWitter
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

2
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

4.   Plaintiff ELLA RAIFORD was employed at the Matilda Brown Home in Oakland, California for approximately 38 years until its closure in June 2007. The Matilda Brown Home was a long term care facility. In approximately 1970, Ms. Raiford was instrumental in supporting the unionization of that facility by the UHW. Since that unionization, she has served in various positions for which she was chosen by her co-workers at the facility including union steward, chief steward, member of the bargaining committee, and other posts. Since 1989 she has served as an elected Executive Board member of UHW, having been elected by a district of approximately 1500 workers, most recently in 2006. By virtue of that election, Ms. Raiford is entitled to attend the International convention of the defendant SEIU in San Juan, Puerto Rico in 2008 as a delegate. She has attended every International convention since her election to the Executive Board in 1989.

5.   Plaintiff MARTHA VAZQUEZ has been employed by St. Joseph's Medical Center in Stockton, California as a radiology technician for 17 years. In 2001, plaintiff Vazquez was instrumental in the organizing of St. Joseph's Medical Center into the UHW. Since the successful organizing, Ms. Vazquez has been chosen by her co-workers to act as the chief steward or "rep chair" of her constituency at the medical center. In 2001 or 2002 Ms. Vazquez was elected by the approximately 1100 members of the UHW at her hospital as a member of the UHW Executive Board and was most recently reelected in 2006. By virtue of that election, she is entitled to serve as a delegate to the convention of the defendant SEIU in June 2008.

6.   Plaintiff MEL GARCIA has been employed as a medical assistant at Kaiser Hayward for 30 years. For 21 of those years she has served as a shop steward for her co-workers, has been the lead shop steward at the facility for 10 years, chaired the work site steward council, and was elected an Executive Board member of UHW in 2006. As an elected Executive Board member of UHW, Ms. Garcia intends to exercise her right to serve as a convention delegate to the SEIU International convention in June 2008.

7.   Plaintiff J. MICHAEL TORRES has been employed as a respiratory therapist at USC University Hospital in Los Angeles, California since approximately September 1992. In approximately June 2004 plaintiff Torres was instrumental in the organizing of his bargaining

Siegel & LeWitter
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

3
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

1  unit into the predecessor of the UHW, SEIU Local 399.  Mr. Torres serves as the chief steward at
2  the USC University Hospital for his bargaining unit of the UHW, has been on the collective
3  bargaining team for the hospital and the national bargaining team with Tenet Healthcare.  In
4  2006, Mr. Torres was elected a member of the Executive Board of the UHW and plans to attend
5  the national convention of the SEIU in June 2008 as a delegate by virtue of that election.

6      8.    Defendant SERVICE EMPLOYEES INTERNATIONAL UNION is an
7  international labor organization within the meaning of 29 USC §§ 152(5) and 402(i).  It is
8  headquartered in Washington, D.C.   The SEIU represents employees throughout the United
9  States and has approximately 1.65 million members.  The SEIU is governed by a constitution and
10 bylaws which most recently was adopted at its 2004 convention.  The convention of the SEIU is
11 the highest governing body of the union, empowered to amend the constitution, as well as set
12 policies and strategic directions for the organization.  The convention meets every four years and
13 is scheduled to meet on June 2-4, 2008 in San Juan, Puerto Rico.

14     9.    Defendant ANDREW L. STERN is the President of the SEIU and has been so at
15 all material times herein.  In acting as alleged herein, defendant Stern has acted under the color of
16 authority of his union office.

17     10.    Defendant MARY KAY HENRY is an International Executive Vice President of
18 the SEIU and has been so at all relevant times.  Like Mr. Stern, she works from the headquarters
19 of the SEIU in Washington, D.C.  In acting as alleged herein, defendant Henry has acted under
20 the color of authority of her union office.

21     11.    Defendant THOMAS V. DEBRUIN is an International Vice President and Area
22 Director of the defendant SEIU International and has been so at all relevant times.  In acting as
23 alleged herein, defendant Debruin has acted under the color of authority of his union office.

## FACTS

26     12.    Plaintiffs, acting as members of the Executive Board of the UHW, have endorsed
27 and supported the creation of a website entitled www.seiuvoice.org ("seiuvoice") on or about
28 February 15, 2008.  Plaintiffs have endorsed and supported the creation and maintenance of this

Siegel & LeWitter
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

4
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

website as a vehicle for communication amongst members of their own local as well as other locals and bodies affiliated with the SEIU and, indeed, the public concerning important issues of concern to the labor movement and specifically to the SEIU. Plaintiffs support <u>seiuvoice</u> as an efficient, constructive and vital method of engaging in free speech concerning these matters.

13. UNITED HEALTHCARE WORKERS-WEST ("UHW") is a local labor organization within the meaning of 29 USC §§ 152(5) and 402(i) with its headquarters in Oakland, California. The UHW was formed in January 2005 by the merger of SEIU Local 250 which was headquartered in Northern California and SEIU Local 399 which was headquartered in Los Angeles, California. UHW represents approximately 150,000 healthcare workers employed in hospitals, convalescent facilities, long term care facilities, and as home health care workers throughout the State of California. UHW is democratically organized with an Executive Board including approximately 100 rank and file members, each of whom is elected by a constituency of approximately 1500 members.

14. Within the SEIU there is currently an active and critical debate concerning the strategic direction of the SEIU. Each of the plaintiffs is an active participant in that debate, communicating with their represented co-workers and other members of the SEIU concerning the issues in that debate, participating on the Executive Board of their local labor organization in order to frame the position of the organization in this debate, utilizing and/or referring to the website established by themselves and their allies to advocate for their positions in this debate, and otherwise. Plaintiffs Raiford and Vazquez recently traveled to Washington, D.C. to picket the headquarters of the SEIU International to advocate for their position in this debate, and were prominently featured on the aforementioned website for their role.

15. Plaintiffs, and each of them, have endorsed a set of policy positions submitted for consideration at the 2008 SEIU convention concerning their issues of concern. On January 4, 2008, plaintiffs, and each of them, endorsed the "platform for change" which was posted on <u>seiuvoice</u> and for which they have continuously advocated. This platform has been embodied in specific resolutions submitted to the SEIU International for consideration at the International convention in June. These proposals call for:

*Siegel &
LeWitter*

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

5
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

  a. The democratic election of all International union officers through direct election by the members of the union;

  b. Guaranteeing the appropriate members of the SEIU the right to vote on contract proposals, collective bargaining agreements and agreements reached with employers setting the terms for unorganized workers to join the union;

  c. Guaranteeing members the right to participate in and elect representatives to bargaining committees;

  d. Proposals designed to implement a "unity council" structure guaranteeing per capita voting, rank and file participation, and voting only by members;

  e. Focusing strategically on "SEIU's core industries" so as to build from a base of members;

  f. Support for coordinated national bargaining campaigns by industry, supported by a "real national strike fund with significant benefits";

  g. Focusing on building unity within labor organizations within the national labor movement, regardless of their current status as affiliated with various national coalitions such as Change to Win, the AFL-CIO, or even non-affiliated unions; and

  h. A general focus on internal union democracy and leadership training of rank and file members to exert leadership at all levels of the organization including organizing campaigns and within their local unions.

16. Many of the proposals advocated by plaintiffs are directly or indirectly opposed by the leaders of the defendant SEIU, including the direct election of International officers, the authority of rank and file employees to vote on their agreements and participate in collective bargaining, and, in general, the thrust directed at building the union based on its rank and file members as opposed to authoritarian direction from the International leaders in Washington, D.C.

///

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

6
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

17. Because of this political dispute, the International has engaged in a course of conduct designed to deny the plaintiffs, and each of them, equal participation in the affairs of their union, including the right to participate in the June 2008 convention in San Juan, Puerto Rico, to limit their ability to engage in free speech activities within the union, and to retaliate against them for their engaging in such activities. This conduct has included but not been limited to:

    a. On March 24, 2008, President Stern wrote the elected president of UHW, Sal Rosselli, asserting various anonymous charges against UHW and demanding voluminous documentation and responses to those charges. Stern demanded information concerning a not-for-profit educational fund which the UHW had openly established nearly a year earlier in complete compliance with the law. He asserted, without any factual basis, completely false charges concerning the UHW's conduct in nursing home negotiations, communications with its members concerning their legitimate and lawful rights related to union affiliation and disaffiliation, and alleged a completely nonexistent conspiracy to conspire against the SEIU with a non-affiliated union, among other acts;

    b. Since that initial letter, the International Union has conducted a barrage of public and private attacks upon UHW and its members, making malicious claims concerning the union's conduct to its members and raising "emergency" concerns about UHW's conduct during the Catholic Healthcare West negotiations;

    c. Since February 2008, various officials of the SEIU, including defendant Henry, defendant Debruin, and members of the SEIU International Healthcare Division Steering Committee, and others, have repeatedly, in writing and orally, instructed the UHW to "take down" the website seiuvoice. Indeed, at various times, these International officials have implied, directly or indirectly, that the taking down of the website is a pre-

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

7
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

|     |     |     |
| --- | --- | --- |
| 1   |     | condition to any discussions concerning how to resolve various items of |
| 2   |     | dispute between the UHW and the International Union. At the same time |
| 3   |     | that the demand for the elimination of seiuvoice was made, the defendant |
| 4   |     | SEIU sponsored, endorsed and promulgated a rival website, |
| 5   |     | www.seiufactchecker.org directed at the very same issues of concern, from |
| 6   |     | the perspective of the International Union and its officers. Further, the |
| 7   |     | International has countenanced and endorsed other rival websites |
| 8   |     | consistent with its political position, such as www.StrongAsOne.com, a |
| 9   |     | website promulgated by the leader of another California local union, |
| 10  |     | Tyrone Freeman, who supports the policy direction of the International; |
| 11  | d.  | The defendant SEIU, acting through its officers, employees and allies, has |
| 12  |     | interfered with the processes being implemented by sister locals of the |
| 13  |     | UHW to select delegates to the International convention. In so doing, it |
| 14  |     | has repeated false statements concerning the UHW and its motives for the |
| 15  |     | proposals which it has submitted to the convention, and has therefore |
| 16  |     | acted to prevent the plaintiffs from developing alliances with like-minded |
| 17  |     | potential delegates to the International convention; |
| 18  | e.  | During the week of March 31 through April 4, 2008, the International |
| 19  |     | Union, acting through its employees and agents, has interfered with the |
| 20  |     | bargaining units represented by the UHW at Kaiser Permanente, Catholic |
| 21  |     | Healthcare West and other hospitals by engaging in literature distribution, |
| 22  |     | phone calls and emails directed at encouraging members of UHW |
| 23  |     | employed at these facilities to engage in an unlawful strike in support of |
| 24  |     | security guards not represented by the UHW throughout California. This |
| 25  |     | conduct was taken without the approval and over the objections of the |
| 26  |     | UHW, and could have the result of subjecting the local to legal liability for |
| 27  |     | engaging in such a strike, as well as subject its members to discharge. |
| 28  |     | This conduct was engaged in to discredit the UHW and cause legal |

*Siegel & LeWitter*

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

8
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

|   |   |   |
|---|---|---|
| 1 |   | difficulties for it, in retaliation in whole or in part for the positions |
| 2 |   | concerning important union matters which it has taken through its |
| 3 |   | Executive Board and the plaintiffs as described above; and |
| 4 | f. | From February 2008 to date, defendant SEIU, acting through defendant |
| 5 |   | Stern, has failed and refused to process numerous complaints of |
| 6 |   | inappropriate conduct by allies of the International against the UHW, |
| 7 |   | including interference with internal UHW processes, slanders directed |
| 8 |   | against the UHW and its leaders, and other conduct.  Indeed, SEIU has |
| 9 |   | actively encouraged and countenanced such conduct directed at supporting |
| 10 |   | its position concerning the matters of union debate described above, |
| 11 |   | without response to the UHW, while processing on an expedited basis |
| 12 |   | charges directed at the UHW. |

18. The UHW has complied with all requests from President Stern for information pertaining to these investigations despite the fact that on a regular and repeated basis President Stern has ignored the UHW's request for investigations of inappropriate conduct by union officers and locals aligned with the International.

19. President Stern's investigation based upon anonymous charges has been taken by the plaintiffs, legitimately, to constitute a threat to unlawfully place their local union in trusteeship and therefore suspend their democratic processes.  Such an action could include eliminating their right to attend the 2008 SEIU convention as delegates and advocates for the positions described above.  Further, plaintiffs understand the directions to "take down" their website, given most recently only a few days after the investigation was commenced, as a clear instruction to refrain from engaging in free speech activity and advocacy while under the threat of loss of their democratic rights.

20. The constitution and bylaws of the Service Employees International Union contains a provision at page 43 entitled the "SEIU Member Bill of Rights and Responsibilities in the Union."  Amongst those rights and responsibilities enumerated are the following:

///

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

9
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

a. The right to have opinions heard and respected, to be informed of union activity, to be educated in union values and union skills;

b. The right to choose the leaders of the union in a fair and democratic manner;

c. The right to participate in the union's bargaining efforts and to approve union contracts;

d. The right to have members' concerns resolved in a fair and expeditious manner;

e. The responsibility to help build a strong and more effective labor movement, support the organizing of unorganized workers, to help build a political voice for working people, and to stand up for one's co-workers and all workers;

f. The responsibility to be informed about the internal governance of the union and to participate in the conduct of the union's affairs . . . ; and

g. The responsibility to offer constructive criticism of the union.

21. Plaintiffs have engaged in the conduct described herein in order to vindicate and utilize their rights as SEIU members as described above in paragraph 20, as well as to carry out their responsibilities as such members.

### Cause of Action
(LMRDA §§ 411(a)(1) and (2))

22. Pursuant to the LMRDA, Title I, 29 USC § 411(a)(1), plaintiffs enjoy equal rights and privileges within the SEIU to participate in the deliberations and voting of the organization. As elected delegates to the SEIU International convention plaintiffs have equal rights to participate in the pre-convention deliberations of the organization which will serve as the preliminary discussions concerning policy directions to be set for the organization at the convention. They have equal rights to submit resolutions for the convention and to attempt to persuade their fellow union members of their position. Defendant SEIU has violated plaintiffs' right to participate in the affairs of their union by, *inter alia*, the acts described above including

*Siegel & LeWitter*
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

10
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

but not limited to:

    a. SEIU has denied plaintiffs the right to campaign concerning their convention resolutions and positions regarding policy matters by repeatedly instructing the UHW to "take down" their website, www.seiuvoice.org while utilizing International Union funds to maintain their own website which sets forth distorted and false claims concerning the position of the UHW in these matters;

    b. Utilizing union resources to engage in distorted propaganda in order to diminish the ability of the plaintiffs to participate in the International convention on an equal basis and to demean them and their positions;

    c. Violating the right of all SEIU members contained in the SEIU Member Bill of Rights and Responsibilities in the union to have their opinions heard and respected and otherwise denying them the rights contained in the SEIU Member Bill of Rights and Responsibilities in the Union;

    d. Threatening an unlawful trusteeship against the UHW which would include the removal of the plaintiffs as convention delegates, seeking to intimidate plaintiffs from fully exercising their right to participate in the pre-convention deliberations of the SEIU International as well as in the actual convention;

    e. Failing and refusing to investigate and process complaints of inappropriate conduct filed against political allies of the defendants by and on behalf of the UHW on the same basis as they investigate and process "complaints" against the UHW; and

    f. Other acts.

23. Pursuant to the LMRDA, Title I, 29 USC § 411(a)(2), plaintiffs enjoy free speech rights within the union "to express any views, arguments, or opinions" including the right to attend and express these opinions at any meetings of the labor organization concerning any subject which might be properly before those meetings, as well as in advance of those meetings.

11
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

Defendants have violated the free speech rights of the plaintiffs by, *inter alia*, the acts described above, including but not limited to:

    a.    By repeatedly instructing the UHW to "take down" its website, www.seiuvoice.org, defendants have sought to prohibit legitimate free speech activities. By doing so, defendants seek to prevent plaintiffs from communicating with members of their own local, as well as members of other bodies within the SEIU, including other locals, concerning matters of common concern which are legitimately discussed at multiple meetings of the union, including but not limited to the SEIU International convention;

    b.    By initiating proceedings against the UHW in retaliation for the plaintiffs' and others' legitimate free speech activities, including but not limited to threatening to bring about the trusteeship of the local and/or otherwise retaliate against the Executive Board of the local and other members and officers of the local in retaliation for their free speech activities;

    c.    By engaging in the conduct described above for the improper purpose of chilling the exercise of free speech by the plaintiffs and others within the SEIU so as to limit debate upon the issues of concern described above; and

    d.    Other acts.

24.    Plaintiffs allege that intra-union remedies would be inadequate in this case and/or that any requirement of exhausting said remedies should be waived. First, requiring exhaustion of internal remedies for a four-month period would result in irreparable harm. This lawsuit seeks, in part, an injunction prohibiting defendants from interfering with rights of free speech and equal participation in preparation for and at the upcoming SEIU convention which will be held in approximately two months, on June 2-4, 2008. Moreover, pursuit of internal remedies would be futile here, where defendants have consistently advanced positions contrary to those advocated by the plaintiffs and where the structure for internal appeal is dominated by defendants and those opposed to the plaintiffs, and is otherwise illusory.

///

COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

*Siegel & LeWitter*
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

25. As a direct and proximate result of the conduct of the defendants as herein alleged, plaintiffs, and each of them, have suffered damages to their reputation in an amount to be established at trial. As a direct and proximate consequence of these damages, plaintiffs, and each of them, have suffered emotional distress in an amount to be proven at trial.

26. The conduct of the defendants, and each of them, as herein alleged, has been conducted with reckless or wanton indifference to the rights of the plaintiffs and/or actual malice, justifying an award of punitive and exemplary damages, according to the proof to be adduced at trial.

27. In bringing this action, plaintiffs, and each of them, have performed a valuable service for the union and its members in vindicating the rights to free speech within the organization and to participate equally in the affairs of the union, entitling them to an award of reasonable attorneys' fees and costs in bringing this action. Further, the conduct of the defendants, and each of them, as herein alleged, was in bad faith, further establishing the right of the plaintiffs to an award of reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs hereby respectfully request that this Court:

A. Issue a declaratory judgment finding that the conduct of the defendants as herein alleged is violative of the rights of the plaintiffs as set forth in the LMRDA, Title 1, 29 USC §§ 411(a)(1) and (2);

B. Issue an injunction enjoining the defendants and each of them from interfering with the plaintiffs' rights to free speech in their union and equal participation in the affairs and deliberations of their union by:

1. Instructing them to "take down" the website www.seiuvoice.org;
2. Utilizing union resources to engage in distorted propaganda in order to diminish their ability to participate in the international convention on an equal basis with other union members;
3. Violating their rights contained in the SEIU Member Bill of Rights and

*Siegel & LeWitter*
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

|   |   | Responsibilities in the Union, to have their opinions heard and respected; |
|---|---|---|
|   | 4. | Threatening an unlawful trusteeship in order to intimidate plaintiffs and chill them in their exercise of their free speech rights in the union; |
|   | 5. | Failing to process complaints filed on behalf of the UHW against other union members on an equal basis to those "complaints" filed against them; and |
|   | 6. | Other acts as proven. |
| F. | | Award the plaintiffs compensatory damages for damage to their reputation and consequent emotional distress in an amount to be proven at trial; |
| G. | | Award plaintiffs punitive and exemplary damages in an amount to be proven at trial; |
| H. | | Award plaintiffs their reasonable attorneys fees and costs of suit; and |
| I. | | Such other and further relief as the Court may deem just and proper. |

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6 of the United States District Court for the Northern District of California, plaintiffs hereby demand a jury trial.

Respectfully submitted,

DATED: April 8, 2008

SIEGEL & LEWITTER

By _____
Jonathan H. Siegel
Latika Malkani
Sarah Beard

Attorneys for Plaintiffs

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

14
COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF