1  Jonathan H. Siegel  #78143
   Latika Malkani  #184301
2  Sarah Beard  #240340
   SIEGEL & LEWITTER
3  1939 Harrison Street, Suite 307
   Oakland, California  94612
4  (510) 452-5000
   (510) 452-5004 (fax)
5
   Attorneys for Plaintiffs
6

7

8              IN THE UNITED STATES DISTRICT COURT

9                           FOR THE

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  ROSIE BYERS, ELLA RAIFORD,          )  Case No. CV 08 1870 JL
    MARTHA VAZQUEZ, MEL GARCIA,         )
13  J. MICHAEL TORRES, STANLEY LYLES,   )  **FIRST AMENDED COMPLAINT FOR**
    ROBYNE L. HORN and SONIA ASKEW,     )  **DAMAGES AND DECLARATORY AND**
14                                      )  **INJUNCTIVE RELIEF**
                 Plaintiffs,            )
15                                      )  **DEMAND FOR JURY TRIAL**
            v.                          )
16                                      )
    SERVICE EMPLOYEES                   )
17  INTERNATIONAL UNION, ANDREW L.      )
    STERN,  MARY KAY HENRY, THOMAS      )
18  V. DEBRUIN and ANNA BURGER,         )
                                        )
19               Defendants.            )
    _____ )

20

21       NOW COME the plaintiffs, ROSIE BYERS, ELLA RAIFORD, MARTHA VAZQUEZ,

22  MEL GARCIA, J. MICHAEL TORRES, STANLEY LYLES, ROBYNE L. HORN and SONIA

23  ASKEW, by and through their counsel, and file this First Amended Complaint for Damages and

24  Declaratory and Injunctive Relief as follows:

25

26                          **INTRODUCTION**

27       1.    This matter is brought by eight union members pursuant to Title I of the Labor

28  Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 USC § 401 *et seq.* to

*Siegel &
LeWitter*

*1939 Harrison Street
Suite 307
Oakland, CA  94612
(510) 452-5000
(510) 452-5004 (fax)*

1    vindicate their rights to free speech and free and equal participation in the affairs of their labor

2    organization, the defendant Service Employees International Union ("SEIU" or "International"),

3    to enforce their rights under the International Constitution and Bylaws and to redress abusive

4    litigation filed for improper political and public relations purposes.  Plaintiffs have been subject

5    to conduct by the SEIU designed to limit, inhibit and chill their exercise of their rights of free

6    speech and equal participation as union members and advocates for democratic policies within

7    their union, and in retaliation for their intent to engage in such advocacy at the convention of the

8    defendant SEIU on June 2-4, 2008 in San Juan, Puerto Rico and thereafter.

9        Plaintiffs also seek to vindicate their right guaranteed by the SEIU Constitution and

10    Bylaws to an accounting of the hundreds of thousands, if not millions of dollars spent in

11    violation of the SEIU Constitution by the defendants for improper political attacks against them

12    and their local union and to require the SEIU to obtain restitution of those monies from those

13    responsible.

14                        **JURISDICTION AND VENUE**

15        2.     The Court has jurisdiction pursuant to 28 USC §§ 1331 and 1367 and 29 USC

16    §§ 185 and 412.  Pursuant to 29 USC § 412, venue is appropriate in any District where a

17    violation of the LMRDA occurred; in this case, plaintiffs have engaged in their advocacy, free

18    speech and attempts to participate in their union in this Judicial District and the threats and other

19    conduct described herein occurred, *inter alia*, in this Judicial District.

20

21                             **PARTIES**

22        3.     Plaintiff ROSIE BYERS is currently, and has been at all material times herein, a

23    member of the United Healthcare Workers-West and its predecessor Service Employees

24    International Union Local 250 (referred to collectively as "UHW") a local labor organization

25    which is affiliated with the defendant Service Employees International Union.  Plaintiff Byers

26    has been employed as a home health care provider for 31 years including working at In-Home

27    Support Services Consortium in San Francisco, California, and her employer(s) have at all

28    relevant times had a labor agreement with UHW.  At all such times, plaintiff Byers has been

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA 94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1  member of UHW.  For approximately the last ten years, plaintiff has been an active participant in

2  the affairs of her union and has been elected by her co-workers and constituents to serve as a

3  shop steward and an Executive Board member of UHW.  She was most recently reelected to the

4  Executive Board in 2006.  As an Executive Board member of the UHW, plaintiff Byers will

5  serve as a delegate on behalf of her constituents to the convention of the International Union in

6  San Juan, Puerto Rico on June 2-4, 2008.

7      4.    Plaintiff ELLA RAIFORD was employed at the Matilda Brown Home in

8  Oakland, California for approximately 38 years until its closure in June 2007.  The Matilda

9  Brown Home was a long term care facility.  In approximately 1970, Ms. Raiford was

10  instrumental in supporting the unionization of that facility by the UHW.  Since that unionization,

11  she has served in various positions for which she was chosen by her co-workers at the facility

12  including union steward, chief steward, member of the bargaining committee, and other posts.

13  Since 1989 she has served as an elected Executive Board member of UHW, having been elected

14  by a district of approximately 1500 workers, most recently in 2006.  By virtue of that election,

15  Ms. Raiford is entitled to attend the International convention of the defendant SEIU in San Juan,

16  Puerto Rico in 2008 as a delegate.  She has attended every International convention since her

17  election to the Executive Board in 1989.

18      5.    Plaintiff MARTHA VAZQUEZ has been employed by St. Joseph's Medical

19  Center in Stockton, California as a radiology technician for 17 years.  In 2001, plaintiff Vazquez

20  was instrumental in the organizing of St. Joseph's Medical Center into the UHW.  Since the

21  successful organizing, Ms. Vazquez has been chosen by her co-workers to act as the chief

22  steward or "rep chair" of her constituency at the medical center.  In 2001 or 2002 Ms. Vazquez

23  was elected by the approximately 1100 members of the UHW at her hospital as a member of the

24  UHW Executive Board and was most recently reelected in 2006.  By virtue of that election, she

25  is entitled to serve as a delegate to the convention of the defendant SEIU in June 2008.

26      6.    Plaintiff MEL GARCIA has been employed as a medical assistant at Kaiser

27  Hayward for 30 years.  For 21 of those years she has served as a shop steward for her co-

28  workers, has been the lead shop steward at the facility for 10 years, chaired the work site steward

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA  94612
(510) 452-5000
(510) 452-5004 (fax)

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1  council, and was elected an Executive Board member of UHW in 2006.  As an elected Executive

2  Board member of UHW, Ms. Garcia intends to exercise her right to serve as a convention

3  delegate to the SEIU International convention in June 2008.

4          7.      Plaintiff J. MICHAEL TORRES has been employed as a respiratory therapist at

5  USC University Hospital in Los Angeles, California since approximately September 1992.  In

6  approximately June 2004 plaintiff Torres was instrumental in the organizing of his bargaining

7  unit into the predecessor of the UHW, SEIU Local 399.  Mr. Torres serves as the chief steward at

8  the USC University Hospital for his bargaining unit of the UHW, has been on the collective

9  bargaining team for the hospital and the national bargaining team with Tenet Healthcare.  In

10  2006, Mr. Torres was elected a member of the Executive Board of the UHW and plans to attend

11  the national convention of the SEIU in June 2008 as a delegate by virtue of that election.

12          8.      Plaintiff STANLEY LYLES is a member of the UHW, an elected member of the

13  Executive Board of the UHW and has been subject to abuse of the litigation process by

14  defendants as described more fully in the Third Cause of Action of this First Amended

15  Complaint.

16          9.      Plaintiff ROBYNE L. HORN is a member of the UHW and an elected member of

17  the Executive Board of the UHW.  She is a shop steward at Kaiser Santa Clara, in a bargaining

18  unit represented by the UHW and has been so at all relevant times herein.

19          10.     Plaintiff SONIA ASKEW is a member of the UHW and an elected member of the

20  Executive Board of the UHW.  Plaintiff Askew is the President of the Kaiser Optical Workers

21  Chapter in Oakland, California, represented for collective bargaining purposes by the UHW.

22          11.     Defendant SERVICE EMPLOYEES INTERNATIONAL UNION is an

23  international labor organization within the meaning of 29 USC §§ 152(5) and 402(i).  It is

24  headquartered in Washington, D.C.  The SEIU represents employees throughout the United

25  States and has approximately 1.65 million members.  The SEIU is governed by a constitution

26  and bylaws which most recently was adopted at its 2004 convention.  The convention of the

27  SEIU is the highest governing body of the union, empowered to amend the constitution, as well

28  as set policies and strategic directions for the organization.  The convention meets every four

**Siegel &
LeWitter**

*1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1    years and is scheduled to meet on June 2-4, 2008 in San Juan, Puerto Rico.

2        12.    Defendant ANDREW L. STERN is the President of the SEIU and has been so at

3    all material times herein.  In acting as alleged herein, defendant Stern has acted under the color

4    of authority of his union office.

5        13.    Defendant MARY KAY HENRY is an International Executive Vice President of

6    the SEIU and has been so at all relevant times.  Like Mr. Stern, she works from the headquarters

7    of the SEIU in Washington, D.C.  In acting as alleged herein, defendant Henry has acted under

8    the color of authority of her union office.

9        14.    Defendant THOMAS V. DEBRUIN is an International Vice President and Area

10   Director of the defendant SEIU International and has been so at all relevant times.  In acting as

11   alleged herein, defendant Debruin has acted under the color of authority of his union office.

12       15.    Defendant ANNA BURGER is the Secretary-Treasurer of the defendant, SEIU

13   and has been so at all material times herein.  In acting as alleged herein, defendant Burger has

14   acted under the color of authority of her union office.

15       16.    Plaintiffs are informed and believe and thereon allege that each defendant herein

16   was, at some or all times herein relevant, the agent and/or employee of the other defendants

17   herein, and that in doing the acts complained of herein was acting within the course and scope of

18   said agency and/or employment and/or with the permission and/or consent of the remaining

19   defendants and/or that said remaining defendants ratified the conduct of each of the other

20   defendants.  Plaintiffs further allege that defendant SEIU is responsible for the acts of its

21   managers, employees and agents taken within the course and scope of their agency or

22   employment.

23

**Siegel &**
**LeWitter**

24                                **FACTS**

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

25       17.    Plaintiffs, acting as members of the Executive Board of the UHW, have endorsed

26   and supported the creation of a website entitled www.seiuvoice.org ("seiuvoice") on or about

27   February 15, 2008.  Plaintiffs have endorsed and supported the creation and maintenance of this

28   website as a vehicle for communication amongst members of their own local as well as other

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1  locals and bodies affiliated with the SEIU and, indeed, the public concerning important issues of

2  concern to the labor movement and specifically to the SEIU.  Plaintiffs support <u>seiuvoice</u> as an

3  efficient, constructive and vital method of engaging in free speech concerning these matters.

4      18.    UNITED HEALTHCARE WORKERS-WEST ("UHW") is a local labor

5  organization within the meaning of 29 USC §§ 152(5) and 402(i) with its headquarters in

6  Oakland, California.   The UHW was formed in January 2005 by the merger of SEIU Local 250

7  which was headquartered in Northern California and SEIU Local 399 which was headquartered

8  in Los Angeles, California.  UHW represents approximately 150,000 healthcare workers

9  employed in hospitals, convalescent facilities, long term care facilities, and as home health care

10 workers throughout the State of California.  UHW is democratically organized with an Executive

11 Board including approximately 100 rank and file members, each of whom is elected by a

12 constituency of approximately 1500 members.

13     19.    Within the SEIU there is currently an active and critical debate concerning the

14 strategic direction of the SEIU.  Each of the plaintiffs is an active participant in that debate,

15 communicating with their represented co-workers and other members of the SEIU concerning

16 the issues in that debate, participating on the Executive Board of their local labor organization in

17 order to frame the position of the organization in this debate, utilizing and/or referring to the

18 website established by themselves and their allies to advocate for their positions in this debate,

19 and otherwise.  Plaintiffs Raiford and Vazquez recently traveled to Washington, D.C. to picket

20 the headquarters of the SEIU International to advocate for their position in this debate, and were

21 prominently featured on the aforementioned website for their role.

22     20.    Plaintiffs, and each of them, have endorsed a set of policy positions submitted for

23 consideration at the 2008 SEIU convention concerning their issues of concern.  On January 4,

24 2008, plaintiffs, and each of them, endorsed the "platform for change" which was posted on

25 <u>seiuvoice</u> and for which they have continuously advocated.  This platform has been embodied in

26 specific resolutions submitted to the SEIU International for consideration at the International

27 convention in June.  These proposals call for:

28          a.    The democratic election of all International union officers through direct

*Siegel &
LeWitter*

1939 Harrison Street
Suite 307
Oakland, CA  94612
(510) 452-5000
(510) 452-5004 (fax)

6

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1   election by the members of the union;

2   b.   Guaranteeing the appropriate members of the SEIU the right to vote on

3   contract proposals, collective bargaining agreements and agreements

4   reached with employers setting the terms for unorganized workers to join

5   the union;

6   c.   Guaranteeing members the right to participate in and elect representatives

7   to bargaining committees;

8   d.   Proposals designed to implement a "unity council" structure guaranteeing

9   per capita voting, rank and file participation, and voting only by members;

10   e.   Focusing strategically on "SEIU's core industries" so as to build from a

11   base of members;

12   f.   Support for coordinated national bargaining campaigns by industry,

13   supported by a "real national strike fund with significant benefits;"

14   g.   Focusing on building unity within labor organizations within the national

15   labor movement, regardless of their current status as affiliated with

16   various national coalitions such as Change to Win, the AFL-CIO, or even

17   non-affiliated unions; and

18   h.   A general focus on internal union democracy and leadership training of

19   rank and file members to exert leadership at all levels of the organization

20   including organizing campaigns and within their local unions.

21      21.    Many of the proposals advocated by plaintiffs are directly or indirectly opposed
22   by the leaders of the defendant SEIU, including the direct election of International officers, the
23   authority of rank and file employees to vote on their agreements and participate in collective
24   bargaining, and, in general, the thrust directed at building the union based on its rank and file
25   members as opposed to authoritarian direction from the International leaders in Washington,
26   D.C.

27      22.    Because of this political dispute, the International has engaged in a course of
28   conduct designed to deny the plaintiffs, and each of them, equal participation in the affairs of

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

1    their union, including the right to participate in the June 2008 convention in San Juan, Puerto

2    Rico, to limit their ability to engage in free speech activities within the union, and to retaliate

3    against them for their engaging in such activities.  This conduct has included but not been

4    limited to:

5            a.      On March 24, 2008, President Stern wrote the elected president of UHW,

6                    Sal Rosselli, asserting various anonymous charges against UHW and

7                    demanding voluminous documentation and responses to those charges.

8                    Stern demanded information concerning a not-for-profit educational fund

9                    which the UHW had openly established nearly a year earlier in complete

10                   compliance with the law.  He asserted, without any factual basis,

11                   completely false charges concerning the UHW's conduct in nursing home

12                   negotiations, communications with its members concerning their

13                   legitimate and lawful rights related to union affiliation and disaffiliation,

14                   and alleged a completely nonexistent conspiracy to conspire against the

15                   SEIU with a non-affiliated union, among other acts;

16           b.      Since that initial letter, the International Union has conducted a barrage of

17                   public and private attacks upon UHW and its members, making malicious

18                   claims concerning the union's conduct to its members and raising

19                   "emergency" concerns about UHW's conduct during the Catholic

20                   Healthcare West negotiations;

21           c.      Since February 2008, various officials of the SEIU, including defendant

22                   Henry, defendant Debruin, and members of the SEIU International

23                   Healthcare Division Steering Committee, and others, have repeatedly, in

24                   writing and orally, instructed the UHW to "take down" the website

25                   <u>seiuvoice</u>.  Indeed, at various times, these International officials have

26                   implied, directly or indirectly, that the taking down of the website is a pre-

27                   condition to any discussions concerning how to resolve various items of

28                   dispute between the UHW and the International Union.  At the same time

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA  94612
(510) 452-5000
(510) 452-5004 (fax)

8

1   that the demand for the elimination of <u>seiuvoice</u> was made, the defendant

2   SEIU sponsored, endorsed and promulgated a rival website,

3   www.seiufactchecker.org directed at the very same issues of concern,

4   from the perspective of the International Union and its officers.  Further,

5   the International has countenanced and endorsed other rival websites

6   consistent with its political position, such as www.StrongAsOne.com, a

7   website promulgated by the leader of another California local union,

8   Tyrone Freeman, who supports the policy direction of the International;

9   d.    The defendant SEIU, acting through its officers, employees and allies, has

10        interfered with the processes being implemented by sister locals of the

11        UHW to select delegates to the International convention.  In so doing, it

12        has repeated false statements concerning the UHW and its motives for the

13        proposals which it has submitted to the convention, and has therefore

14        acted to prevent the plaintiffs from developing alliances with like-minded

15        potential delegates to the International convention;

16   e.    During the week of March 31 through April 4, 2008, the International

17        Union, acting through its employees and agents, has interfered with the

18        bargaining units represented by the UHW at Kaiser Permanente, Catholic

19        Healthcare West and other hospitals by engaging in literature distribution,

20        phone calls and emails directed at encouraging members of UHW

21        employed at these facilities to engage in an unlawful strike in support of

22        security guards not represented by the UHW throughout California.  This

23        conduct was taken without the approval and over the objections of the

24        UHW, and could have the result of subjecting the local to legal liability

25        for engaging in such a strike, as well as subject its members to discharge.

26        This conduct was engaged in to discredit the UHW and cause legal

27        difficulties for it, in retaliation in whole or in part for the positions

28        concerning important union matters which it has taken through its

*Siegel &
LeWitter*

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1    Executive Board and the plaintiffs as described above; and

2    f.    From February 2008 to date, defendant SEIU, acting through defendant

3    Stern, has failed and refused to process numerous complaints of

4    inappropriate conduct by allies of the International against the UHW,

5    including interference with internal UHW processes, slanders directed

6    against the UHW and its leaders, and other conduct. Indeed, SEIU has

7    actively encouraged and countenanced such conduct directed at supporting

8    its position concerning the matters of union debate described above,

9    without response to the UHW, while processing on an expedited basis

10    charges directed at the UHW.

11    23.    The UHW has complied with all requests from President Stern for information

12    pertaining to these investigations despite the fact that on a regular and repeated basis President

13    Stern has ignored the UHW's request for investigations of inappropriate conduct by union

14    officers and locals aligned with the International.

15    24.    President Stern's investigation based upon anonymous charges has been taken by

16    the plaintiffs, legitimately, to constitute a threat to unlawfully place their local union in

17    trusteeship and therefore suspend their democratic processes. Such an action could include

18    eliminating their right to attend the 2008 SEIU convention as delegates and advocates for the

19    positions described above. Further, plaintiffs understand the directions to "take down" their

20    website, given most recently only a few days after the investigation was commenced, as a clear

21    instruction to refrain from engaging in free speech activity and advocacy while under the threat

22    of loss of their democratic rights.

23    25.    The constitution and bylaws of the Service Employees International Union

24    contains a provision at page 43 entitled the "SEIU Member Bill of Rights and Responsibilities in

25    the Union." Among those rights and responsibilities enumerated are the following:

26    a.    The right to have opinions heard and respected, to be informed of union

27    activity, to be educated in union values and union skills;

28    b.    The right to choose the leaders of the union in a fair and democratic

**Siegel &**
**Le Witter**

*1939 Harrison Street*
*Suite 307*
*Oakland, CA 94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

1    manner;

2    c.    The right to participate in the union's bargaining efforts and to approve

3         union contracts;

4    d.    The right to have members' concerns resolved in a fair and expeditious

5         manner;

6    e.    The responsibility to help build a strong and more effective labor

7         movement, support the organizing of unorganized workers, to help build a

8         political voice for working people, and to stand up for one's co-workers

9         and all workers;

10   f.    The responsibility to be informed about the internal governance of the

11        union and to participate in the conduct of the union's affairs . . . ; and

12   g.    The responsibility to offer constructive criticism of the union.

13   26.    Plaintiffs have engaged in the conduct described herein in order to vindicate and

14   utilize their rights as SEIU members as described above in paragraph 25, as well as to carry out

15   their responsibilities as such members.

16   27.    From March 24, 2008 to the present, the defendants have caused the expenditure

17   of massive amounts of SEIU International funds at least in the hundreds of thousands of dollars

18   for the purpose of destabilizing and discrediting the leadership of UHW, including the plaintiffs.

19   Plaintiffs are unable to state a more precise estimate of these expenditures because, as set forth

20   below, defendant SEIU has refused to comply with its constitutional obligation to supply an

21   accounting of these expenditures.  These actions have included mailings, robocalls, emails, and

22   other forms of direct communication from the SEIU International to members of the UHW and

23   other locals of the SEIU designed to damage the reputation and leadership of the UHW,

24   including the plaintiffs, all in retaliation for their exercise of their legitimate free speech rights to

25   comment upon the polices urged by the defendants upon the SEIU.  Defendants have dispatched

26   teams of organizers paid for by the SEIU International to work locations of members of the

27   UHW to distribute leaflets and otherwise disrupt the relationship between the membership of the

28   UHW and its elected leadership, including the plaintiffs, all without a legitimate purpose.

**Siegel &
LeWitter**

*1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

28.    The effect of the conduct described by the SEIU above has been to disrupt collective bargaining, union organizing and certification efforts, all to the damage of the membership of the UHW and not in their economic or other interest.

29.    On April 29, 2008, defendant SEIU, at the instigation of the other defendants herein, filed a lawsuit in the Central District of California, *SEIU International v. Rosselli, et al.*, Central District of California Case No. CV08-02777 (JFW).  Among the defendants in that action are plaintiffs Byers, Vazquez and Lyles.  This litigation was filed without the exhaustion of internal union remedies as required by the SEIU International Constitution and Bylaws at Article XXIII..  Further, it was filed in direct violation of controlling precedent in this Court jurisdiction and with direct knowledge by defendant Stern that multiple allegations contained within it were inaccurate.  At the time the litigation was filed, the defendants were aware that virtually all of the remedial actions requested thereby had already been voluntarily accomplished by the UHW.  Nonetheless, without prior notice to the plaintiffs herein or the UHW, on April 29, 2008 defendants called multiple press conferences to trumpet the allegations of the lawsuit and use the lawsuit as a tool to further retaliate against the plaintiffs for their legitimate exercise of free speech rights.  SEIU press releases falsely claimed that, *inter alia*, plaintiffs Byers, Vazquez and Lyles had actually used "millions of dollars in members' dues money to run a shadow" organization, despite actual knowledge by defendant Stern that this was untrue.  The conduct of the defendants as alleged herein, has in fact damaged the reputation of the UHW amongst its members, including the reputation of the plaintiffs herein.

30.    In contrast, defendants have failed to pursue allegations of financial improprieties of greater substance and actual merit than these against locals led by political allies of the defendants.

31.    On or about April 16, 2008 plaintiff Horn and other shop stewards of the UHW sought to exercise their right under the Constitution and Bylaws of the defendant SEIU by writing defendant Stern and seeking a full accounting of various monies spent on activities directed at the UHW including leaflets, mailing, surveys, phone calls and other activities. Plaintiff Horn and others indicated that they intended to seek the refund of such monies as

**Siegel &
LeWitter**

*1939 Harrison Street
Suite 307
Oakland, CA  94612
(510) 452-5000
(510) 452-5004 (fax)*

1  improperly spent. Despite the right contained in the SEIU Constitution and Bylaws to such an

2  accounting as set forth above in paragraph 25, defendant SEIU has failed and refused at all times

3  to supply such an accounting to plaintiff Horn and the other stewards, instead simply referring

4  the stewards to public records available through the United States Department of Labor.

5      32.    On or about April 28, 2008, plaintiff Askew and other UHW represented

6  employees sought a similar accounting from defendant Stern of money spent on various

7  mailings, phone calls, surveys and other activities of the defendant SEIU attacking their local

8  union, the UHW. Once more, defendant Stern and the union as a whole failed and refused to

9  comply with this request pursuant to plaintiffs' rights under the SEIU Constitution and Bylaws,

10  and only referred plaintiffs to public record documents available on line with the United States

11  Department of Labor.

12                    **First Cause of Action**
                    (LMRDA §§ 411(a)(1) and (2))
13                    (By All Plaintiffs Against All Defendants)

14      33.    Pursuant to the LMRDA, Title I, 29 USC § 411(a)(1), plaintiffs enjoy equal rights

15  and privileges within the SEIU to participate in the deliberations and voting of the organization.

16  As elected delegates to the SEIU International convention plaintiffs have equal rights to

17  participate in the pre-convention deliberations of the organization which will serve as the

18  preliminary discussions concerning policy directions to be set for the organization at the

19  convention. They have equal rights to submit resolutions for the convention and to attempt to

20  persuade their fellow union members of their position. Defendant SEIU has violated plaintiffs'

21  free speech right to participate in the affairs of their union and chilled their exercise of those

22  rights and retaliated for their exercise of those rights by, *inter alia*, the acts described above

23  including but not limited to:

24          a.    SEIU has denied and chilled plaintiffs' right to campaign concerning their

25              convention resolutions and positions regarding policy matters by

26              repeatedly instructing the UHW to "take down" their website,

27              www.seiuvoice.org while utilizing International Union funds to maintain

28              their own website which sets forth distorted and false claims concerning

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

1    the position of the UHW in these matters;

2    b.    Utilizing union resources to engage in distorted propaganda in order to

3    diminish the ability of the plaintiffs to participate in the International

4    convention and all internal union debates on an equal basis and to demean

5    them and their positions;

6    c.    Violating the right of all SEIU members contained in the SEIU Member

7    Bill of Rights and Responsibilities in the union to have their opinions

8    heard and respected and otherwise denying them the rights contained in

9    the SEIU Member Bill of Rights and Responsibilities in the Union;

10    d.    Threatening an unlawful trusteeship against the UHW which would

11    include the removal of the plaintiffs as convention delegates, seeking to

12    intimidate plaintiffs from fully exercising their right to participate in the

13    pre-convention deliberations of the SEIU International as well as in the

14    actual convention;

15    e.    Failing and refusing to investigate and process complaints of inappropriate

16    conduct and financial improprieties filed against political allies of the

17    defendants by and on behalf of the UHW on the same basis as they

18    investigate and process "complaints" against the UHW;

19    f.    Expended vast amounts of union resources campaigning against plaintiffs

20    and the UHW through robocalls, phone calls, mailings, emails and

21    personal contact by SEIU union organizers aimed at discrediting plaintiffs

22    and the UHW, damaging their reputations, and hindering their ability to

23    engage in legitimate and appropriate free speech activities;

24    g.    Filing frivolous and abusive litigation for the purposes of intimidating the

25    plaintiffs; and

26    h.    Other acts.

27    34.    Pursuant to the LMRDA, Title I, 29 USC § 411(a)(2), plaintiffs enjoy free speech

28    rights within the union "to express any views, arguments, or opinions" including the right to

*Siegel &*
*LeWitter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA 94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

attend and express these opinions at any meetings of the labor organization concerning any subject which might be properly before those meetings, as well as in advance of those meetings. Defendants have violated the free speech rights of the plaintiffs by, *inter alia*, the acts described above, including but not limited to:

a.      By repeatedly instructing the UHW to "take down" its website, www.seiuvoice.org, defendants have sought to prohibit legitimate free speech activities.  By doing so, defendants seek to prevent plaintiffs from communicating with members of their own local, as well as members of other bodies within the SEIU, including other locals, concerning matters of common concern which are legitimately discussed at multiple meetings of the union, including but not limited to the SEIU International convention;

b.      By initiating proceedings against the UHW in retaliation for the plaintiffs' and others' legitimate free speech activities, including but not limited to threatening to bring about the trusteeship of the local and/or otherwise retaliate against the Executive Board of the local and other members and officers of the local in retaliation for their free speech activities;

c.      By engaging in a concerted campaign of activities against the UHW including the plaintiffs in retaliation for the plaintiffs' legitimate free speech activities and participation in the internal affair of their union including the allocation of substantial staff resources and union funds for the purpose of robocalls, mailings, emails, calls and personal staff visits directed at UHW members and directed to the broader SEIU membership attacking the leadership of the UHW including the plaintiffs herein, and interfering with their ability to engage in collective bargaining activity on behalf of their membership;

d.      By engaging in the conduct described above for the improper purpose of chilling the exercise of free speech by the plaintiffs and others within the

**Siegel & LeWitter**

*1939 Harrison Street Suite 307 Oakland, CA 94612 (510) 452-5000 (510) 452-5004 (fax)*

SEIU so as to limit debate upon the issues of concern described above; and

        e.      Other acts.

35.     Plaintiffs allege that intra-union remedies would be inadequate in this case and/or that any requirement of exhausting said remedies should be waived.  First, requiring exhaustion of internal remedies for a four-month period would result in irreparable harm.  This lawsuit seeks, in part, an injunction prohibiting defendants from interfering with rights of free speech and equal participation in preparation for and at the upcoming SEIU convention which will be held in approximately two months, on June 2-4, 2008.  Moreover, pursuit of internal remedies would be futile here, where defendants have consistently advanced positions contrary to those advocated by the plaintiffs  and where the structure for internal appeal is dominated by defendants and those opposed to the plaintiffs, and is otherwise illusory.

36.     As a direct and proximate result of the conduct of the defendants as herein alleged, plaintiffs, and each of them, have suffered damages to their reputation in an amount to be established at trial.  As a direct and proximate consequence of these damages, plaintiffs, and each of them, have suffered emotional distress in an amount to be proven at trial.

37.     The conduct of the defendants, and each of them, as herein alleged, has been conducted with reckless or wanton indifference to the rights of the plaintiffs and/or actual malice, justifying an award of punitive and exemplary damages, according to the proof to be adduced at trial.

27.     In bringing this action, plaintiffs, and each of them, have performed a valuable service for the union and its members in vindicating the rights to free speech within the organization and to participate equally in the affairs of the union, entitling them to an award of reasonable attorneys' fees and costs in bringing this action.  Further, the conduct of the defendants, and each of them, as herein alleged, was in bad faith, further establishing the right of the plaintiffs to an award of reasonable attorneys' fees and costs.

## Second Cause of Action
(Breach of Union Constitution and Bylaws, 29 USC § 185(a))

*Siegel &*
*Le Witter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

1    (By All Plaintiffs Against Defendant SEIU)

2    38.    Plaintiffs hereby incorporate by reference paragraphs 1 through 32 of the

3    complaint as though set forth in full herein.

4    39.    The SEIU Constitution and Bylaws comprises a contract between defendant SEIU

5    and members of the SEIU, including but not limited to members of the UHW and the plaintiffs

6    herein, within the meaning of § 301(a) of the Labor Management Relations Act, 29 USC

7    § 185(a), and is also a contract governed by state law.

8    40.    The SEIU Constitution and Bylaws is enforceable by the plaintiffs against the

9    defendant SEIU under Federal and California law.

10    41.    Article XI, § 6 of the SEIU International Constitution and Bylaws provides that

11    the SEIU, acting through its International Executive Board, may only utilize the financial

12    resources of the International Union in order to fulfill "the purposes and objects of this

13    organization."

14    42.    Article II sets forth the legitimate purposes and objects of the defendant SEIU.

15    Included among those legitimate objects and purposes are "advancing and strengthening the

16    rights of working men and women to bargain collectively," "helping Local Unions to share

17    experiences, pool resources, learn from each other's best practices, and be accountable to each

18    other," and the obligation of the International Union "to benefit its members and improve their

19    conditions by every means," so as to allow the attainment of economic advantages, better wages

20    and hours and working conditions and other benefits for working people.

21    43.    The SEIU International Union has violated its own Constitution and Bylaws, to

22    the detriment of the plaintiffs, by, *inter alia*,

23    a.    Instituting a campaign of spending, upon information and belief, of at least

24    hundreds of thousands of dollars to destabilize and interfere with the

25    UHW in its collective bargaining obligations and union organizing, to the

26    detriment of its members, including the plaintiffs, in a manner which is

27    not consistent with the proper expenditure of funds under the SEIU

28    International Constitution;

**Siegel &
LeWitter**

*1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

b.    Instituting litigation against plaintiffs Byers, Vazquez and Lyles in violation of union obligations to exhaust international union remedies, in violation of court rules and precedents, without any knowledge of any specific acts engaged in by those plaintiffs in support of the allegations made against them, and all for the purpose of obtaining a political advantage against them and the UHW in internal debates concerning the future political direction of the Union;

c.    Failing to provide an accounting of funds as obliged under the SEIU International Constitution and Bylaws for those funds used in the campaign against the UHW as requested by plaintiffs Horn and Askew; and

d.    Other acts.

44.    Plaintiffs seek under Federal and/or California law to enforce the Constitution and Bylaws of the SEIU International and to remedy its breach thereof including a judgment granting damages, declaratory, equitable, disgorgement, restitution and other remedies against the defendant SEIU International.

### Third Cause of Action
(Abuse of Process)
(By Plaintiffs Byers, Vazquez and Lyles Against All Defendants)

45.    Plaintiffs hereby refer to and incorporate by reference the allegations of paragraphs 1 through 32 above as though fully set forth herein.

46.    In instituting the legal proceeding described above at paragraph 29, the defendants engaged in abuse of the legal process by knowingly and deliberately utilizing the lawsuit for the improper purpose of generating adverse publicity against the plaintiffs without a good faith belief that plaintiffs had actually engaged in a scheme to circumvent the International Constitution and place funds or resources of local UHW beyond the reach of its Executive Board as alleged therein, or that said plaintiffs had otherwise engaged in conduct in derogation of their fiduciary duty as Executive Board Members of the UHW.  In fact, upon information and belief, plaintiffs allege that defendants had no actual knowledge in their possession at the time of the

*Siegel &*
*Le Witter*

*1939 Harrison Street*
*Suite 307*
*Oakland, CA  94612*
*(510) 452-5000*
*(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

1  filing of the litigation establishing any particular conduct by plaintiffs Byers, Vazquez and Lyles

2  in regard to the matters at issue therein, other than their election and membership in both the

3  Executive Board of the UHW and the Board of Directors of the UHW Workers and Patients

4  Education Fund.  All factual allegations concerning these plaintiffs in that litigation beyond their

5  membership in the Boards of these organizations is without any factual basis or legitimate

6  information and belief at all.

7       47.    Further, defendants caused the filing of this litigation in direct violation of the

8  legal requirement that claims brought under Title V of the Labor Management Reporting and

9  Disclosure Act (29 USC § 501) obtain court approval  upon verified showing for the filing

10  thereof.  Defendants deliberately and willfully failed to obtain this court approval before filing

11  the action and trumpeting its allegations to the press.

12       48.    Defendants caused the filing of the afore-mentioned legal action in knowing

13  disregard of controlling Ninth Circuit precedent which establishes both that the SEIU is not a

14  proper plaintiff in the First Cause of Action of that litigation, and that individuals such as

15  plaintiffs Byers, Vazquez and Lyles are not proper defendants in the Second Cause of Action of

16  the action, all with the purpose of using the action as a vehicle to hold press briefings, create

17  mailings and otherwise damage the reputation of the plaintiffs amongst the membership of the

18  UHW and the SEIU as a whole.

19       49.    As a direct and proximate result of the defendants' misuse of the legal

20  proceedings as a vehicle for publicity and division, plaintiffs Byers Vazquez and Lyles have in

21  fact suffered injury to their reputation and suffered general damages for emotional distress, pain

22  and suffering, all in the amount to be established at trial.

23       50.    Defendants' deliberate and willful misuse of the legal proceedings was conducted

24  with reckless or wanton indifference to the rights of plaintiffs and/or actual malice, justifying an

25  award of punitive and exemplary damages according to proof to be introduced at trial.

26

27                              **PRAYER FOR RELIEF**

28       WHEREFORE, plaintiffs hereby respectfully request that this Court:

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA  94612
(510) 452-5000
(510) 452-5004 (fax)

A.    Issue a declaratory judgment finding that the conduct of the defendants as herein alleged is violative of the rights of the plaintiffs as set forth in the LMRDA, Title 1, 29 USC §§ 411(a)(1) and (2);

B.    Issue a declaratory judgment finding that the conduct of the defendants as herein alleged is violative of the rights of the plaintiffs contained in the SEIU International Constitution and Bylaws as alleged herein;

C.    Issue an injunction enjoining the defendants and each of them from interfering with the plaintiffs' rights to free speech in their union and equal participation in the affairs and deliberations of their union by:

1.    Instructing them to "take down" the website www.seiuvoice.org;

2.    Utilizing union resources to engage in distorted propaganda in order to diminish their ability to participate in the international convention or other internal union debates on an equal basis with other union members;

3.    Violating their rights contained in the SEIU Member Bill of Rights and Responsibilities in the Union, to have their opinions heard and respected;

4.    Threatening an unlawful trusteeship in order to intimidate plaintiffs and chill them in their exercise of their free speech rights in the union;

5.    Failing to process complaints filed on behalf of the UHW against other union members on an equal basis to those "complaints" filed against them; and

6.    Other acts as proven.

D.    Issue an injunction enjoining the defendant SEIU from violation of its own constitution and bylaws and requiring it to:

1.    Cease the expenditure of union funds for improper activities under the Constitution and Bylaws including the activities complained of herein;

2.    Provide an accounting of all funds expended by defendant SEIU on calls, robocalls, emails, staff activity, mailings, and other activities from March 24, 2008 to the present directed at the UHW and communicated to

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL

their members and any member of defendant SEIU as previously

requested by plaintiffs Horn and Askew;

3.    Seek restitution to it of all union monies spent in violation of its

Constitution and Bylaws from those who caused its expenditure; and

4.    Enjoining and restraining such other proven conduct as established herein.

E.    Award the plaintiffs compensatory damages for damage to their reputation and

consequent emotional distress in an amount to be proven at trial;

F.    Award plaintiffs punitive and exemplary damages in an amount to be proven at

trial;

G.    Award plaintiffs their reasonable attorneys fees and costs of suit; and

H.    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6 of

the United States District Court for the Northern District of California, plaintiffs hereby demand

a jury trial.

Respectfully submitted,

DATED:  May 23, 2008                    SIEGEL & LEWITTER

By:  _____/s/  Jonathan H. Siegel_____
                    Jonathan H. Siegel
                    Latika Malkani
                    Sarah Beard

Attorneys for Plaintiffs

**Siegel &
LeWitter**

*1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY AND INJUNCTIVE RELIEF – CASE NO. CV 08 1870 JL