1  Robert M. Weinberg   (*pro hac vice* application pending)
   Leon Dayan             (*pro hac vice* application pending)
2  BREDHOFF & KAISER, PLLC
   805 Fifteenth Street, NW, Tenth Floor
3  Washington, D.C. 20008
   Telephone:    (202) 842-2600
4  Facsimile:    (202) 842-1888
5  Email:        ldayan@bredhoff.com
                 rweinberg@bredhoff.com
6

7  Glenn Rothner (CSB No. 67353)
   ROTHNER, SEGALL & GREENSTONE
8  510 South Marengo Avenue
   Pasadena, CA 91101
9  Telephone:    (626) 796-7555
   Facsimile:    (626) 577-0124
10 Email:        grothner@rsglabor.com

11

12 Attorneys for Defendants

13

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17

18 ROSIE BYERS, ELLA RAIFORD, MARTHA )   CASE NO. CV 08 1870 SC
   VAZQUEZ, MEL GARCIA, J. MICHAEL   )
19 TORRES, STANLEY LYLES, ROBYNE L.  )   DEFENDANTS' SPECIAL MOTION TO
   HORN and SONIA ASKEW,             )   STRIKE
20                                    )
21      Plaintiffs,                   )
                                      )   Date:  September 5, 2008
22      v.                            )   Time:  10:00 am
                                      )   Place: Courtroom 1, 17th Floor
23 SERVICE EMPLOYEES INTERNATIONAL   )
   UNION, ANDREW L. STERN, MARY KAY  )
24 HENRY, THOMAS V. DEBRUIN and ANNA )
   BURGER,                           )
25                                    )
        Defendants.                   )
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE**

PLEASE TAKE NOTICE that at 10:00 a.m. on September 5, 2008, or as soon thereafter as counsel may be heard in Courtroom 1, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Service Employees International Union ("SEIU"), Andrew L. Stern, Anna Burger, Mary Kay Henry, and Thomas DeBruin will and hereby do move this Court, pursuant to California Code of Civil Procedure § 425.16, to strike Count III of the Amended Complaint filed in this action by Plaintiffs Byers, Vazquez, and Lyles.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Preliminary Statement**

Defendants make this special motion, pursuant to California Code of Civil Procedure § 425.16 (familiarly known as the "anti-SLAPP" statute), to strike Count III of the Amended Complaint, which asserts a California-law claim of abuse of process. So important to California is the First Amendment right to petition, including the right to petition through the courts, that the anti-SLAPP statute provides special remedies, early in the litigation process, against persons who file unmeritorious lawsuits that tend to interfere with the right to petition.  The statutory remedies Defendants seek in this Motion are dismissal of Count III of the Amended Complaint and an award of attorney fees against Plaintiffs.

**Background**

On April 29, 2008, SEIU, a defendant in the instant action, filed a lawsuit in the United States District Court for the Central District of California styled *Service Employees International Union v. Rosselli et al.*, No 08-02777 (C.D. Cal.).  *See* Exh. 2 to Dayan Declaration in Support of Defendants' Motion to Dismiss and Special Motion to Strike (complaint in *SEIU v. Rosselli et el.*).  The defendants in that lawsuit are ten officers of SEIU-United Healthcare Workers-West ("UHW"), a local union affiliated with the SEIU, including three officers who are plaintiffs in the instant action:  Rosie Byers, Martha Vazquez, and Stanley Lyles.

1    The essence of that lawsuit is stated in its opening paragraphs:

2         [T]his action … seek[s] an accounting and the return of at least

3         $3,000,000 that the ten defendant UHW-W officers wrongly caused to be

4         transferred to a sham organization under their exclusive control.   The

5         sham organization purports to be a "workers and patients education fund"

6         organized under California nonprofit law and eligible for the charitable

7         deduction under Internal Revenue Code § 501(c)(3)… The … fund was

8         set up by the UHW-W president and a small handpicked subset of the

9         union's officers, not to educate anyone, but to serve as a vehicle through

10        which defendants could run a parallel off-the-books labor organization

11        operated outside the reach of the democratic accountability and financial

12        oversight controls provided for in the SEIU and UHW-W Constitutions, as

13        well as in the Labor-Management Reporting and Disclosure Act of 1959

14        (LMRDA), 29 U.S.C. §§ 431 *et seq. ….*

15
          [T]he defendants effectuated the transfers … under the cover of a
16
          resolution to the UHW-W Executive Board that, as described in the
17
          Board's minutes, authorized a gift to an apparently bona fide education
18
          fund….   But the defendants knew that the recipient would not be a true
19
          educational fund…. The defendants thereby intended to deceive UHW-W
20
          members, because the Executive Board's minutes constitute the principal
21
          means by which rank-and-file members can learn the reasons behind union
22
          leaders' decisions to spend their dues monies.
23

24   Exh. 2 at 1-2.

25       On May 23, 2008, Byers, Vazquez and Lyles—who are Plaintiffs in the instant action and

26   defendants in *SEIU v. Rosselli et al.—*amended the complaint in the instant action to add a count

27   (Count III) against Defendants SEIU, Stern, Burger, Henry, and DeBruin under California law

28   alleging that SEIU's filing of the complaint in *SEIU v. Rosselli* constituted an "abuse of

4

1    process." Amended Complaint ¶ 46. Byers, Vazquez, and Lyles seek "punitive and exemplary

2    damages" against these defendants as well as "general damages for emotional distress [and] pain

3    and suffering." *Id. ¶¶* 49, 50.

4                                        **ARGUMENT**

5
     In *U.S. ex rel. Newsham v. Lockheed*, 190 F.3d 963, 973 (9th Cir. 1999), the Ninth
6
     Circuit held that California's anti-SLAPP statute may be invoked in federal court to strike
7
     unmeritorious supplemental state-law claims and to assess attorney fees against the parties who
8
     file such claims. Federal courts are to apply the same standards as the California courts in
9
     considering whether to strike such supplemental state-law claims. *Id.*
10
     In *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67, 124 Cal. Rptr. 2d
11
     507 (2002), the California Supreme Court stated the "two-step" process a trial court is to follow
12
     in considering an anti-SLAPP motion:
13
                 First the court decides whether the defendant has made a threshold
14
                 showing that the challenged cause of action is one arising from protected
15
                 activity. The moving defendant's burden is to demonstrate that the act or
16
                 acts of which the plaintiff complains were taken "in furtherance of the
17
                 [defendant's] right of petition or free speech under the United States or
18
                 California Constitution in connection with a public issue," as defined in
19
                 the statute (§ 425.16, subd. (b)(1).) If the court finds such a showing has
20
                 been made, it then determines whether the plaintiff has demonstrated a
21
                 probability of prevailing on the claim.
22

23   29 Cal. 4th at 67.

24       Application of this two-step process requires that Defendants' anti-SLAPP motion be

25   granted.

26       **1.** It is undeniable that the activity by SEIU that prompted Plaintiffs to file their abuse-

27   of-process claim is "protected activity" within the meaning of the anti-SLAPP statute. The anti-

28   SLAPP statute expressly states that the filing of a lawsuit is a protected means of exercising the

Defendants' Special Motion to Strike – Case No. 08 07870 SC

1  "right of petition … in connection with a public issue," as it defines that phrase to "include[] …

2  any … written statement or writing made before … a judicial proceeding."  C.C.P. §

3  425.16(e)(1).  *See also Ramona Unified Sch. Dist. v. Tsiknas,* 135 Cal. App. 4th 510, 518-19, 37

4  Cal. Rptr. 3d 381 (2005) (filing of lawsuit protected by anti-SLAPP statute).[1]

5        Significantly, "[u]nder section 425.16, a defendant moving to strike a cause of action

6  arising from a statement made before a [judicial] … proceeding need *not* separately demonstrate

7  that the statement concerned an issue of public significance." *Briggs v. Eden Council for Hope &*

8  *Opportunity*, 19 Cal. 4th 1106, 1123, 81 Cal. Rptr. 2d 471 (1999) (emphasis in original).

9  Because the complained-of act here is the filing of a lawsuit—a statement made before a judicial

10  proceeding—the first step of the inquiry ends there.  Nevertheless, as we demonstrate below, the

11  statements at issue here do concern an issue of public concern.

12        In *Macias v. Hartwell*, 55 Cal. App. 4th 669, 64 Cal. Rptr. 2d 222 (1997), the court held

13  that speech relating to a dispute between an officer and a former officer of a 10,000-member

14  local union about the latter's qualification to serve as president implicated an issue of public

15  concern, reasoning that the local was a "'large, powerful organization.'"  55 Cal. App. 4th at

16  673-74 (quoting *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 650, 49 Cal. Rptr.

17  620 (1996)).  Here, as the Amended Complaint alleges, UHW is a 150,000-member local union,

18  Cplt. ¶ 18, and the *SEIU v. Rosselli* complaint alleges that the officers of that large local union

19  executed an unlawful scheme to transfer three million dollars in union members' dues to a sham

20  entity that was being operated off the books as an arm of the union, but unaccountable to the

21  union's members, to its parent union, or to the Department of Labor.  Under the reasoning in

22  *Macias*, that plainly implicates public, and not merely private, issues.

23        **2.**  Because the SEIU's filing of the *SEIU v. Rosselli* lawsuit is covered by the statute, the

24  abuse-of-process claim in Count III of the present action is subject to a special motion to strike

---

[1] The filing of a lawsuit is protected not only under the statutory definition of "petition[ing]" activity in the anti-SLAPP statute, but also under the First Amendment's guarantee of "the right … to petition the Government for a redress of grievances."  *See generally BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002).

Defendants' Special Motion to Strike – Case No. 08 07870 SC

1  under § 452.16 "unless the court determines that the plaintiff has established that there is a

2  probability that the plaintiff will prevail on the merits of the claim." CCP § 452.16(b)(1).

3       Here, the Plaintiffs will not be able to establish the requisite probability.  Count III of the

4  Amended Complaint bases Plaintiffs' abuse-of-process claim solely on the fact that Defendant

5  SEIU filed the *SEIU v. Rosselli* lawsuit.  And there is a controlling California Supreme Court

6  case squarely on point which holds that the bare filing or maintenance a lawsuit can never

7  constitute the predicate for an abuse-of-process cause of action, regardless of the filer's purpose

8  in bringing the suit.  In *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*,

9  42 Cal. 3d 1157, 1169, 232 Cal. Rptr. 567 (1986), the supreme court stated unequivocally that

10  "the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper

11  basis for an abuse of process action."

12       Not surprisingly, the California courts, in the wake of *Oren* have had no difficulty

13  concluding that abuse-of-process claims based solely on the filing and maintenance of a lawsuit

14  lack the requisite "probability" of success to survive a special motion to strike under the anti-

15  SLAPP statute.  *See, e.g., Ramona Unified Sch. Dist. v. Tsiknas*, 37 Cal. Rptr. 3d 381 (Cal. App.

16  2005) (citing *Oren* in affirming the grant of special motion to strike an abuse-of-process action).

17  Here too, it is a straightforward matter to conclude that the Plaintiffs' abuse-of-process claim

18  lacks a probability of success.

19       **3.**      Because application of the two-step analysis dictates that the Plaintiffs' abuse-of-

20  process claim be stricken, it follows that Defendants are entitled to recover their attorney fees

21  and costs.  Section 425.16(c) of the anti-SLAPP statute provides that a prevailing defendant on a

22  special motion to strike "*shall*" recover his or her attorney fees. Defendants will submit an

23  application setting forth the amount of their fees in the event this Motion is granted.

24

25

26

27

28

7

1

2

3                                **CONCLUSION**

4            For the foregoing reasons, Defendants' special motion to strike should be granted, Count

5   III of the Amended Complaint should be dismissed, and the Court should enter an order

6   requiring Plaintiffs to pay Defendants' attorney fees in an amount to be determined upon the

7   submission of an appropriate fee application.

8                                                    Respectfully submitted,

9

10  Dated: July 1, 2008                              Respectfully submitted,

11
                                                     By__/s/ Leon Dayan___
12                                                   ROBERT M. WEINBERG
                                                     LEON DAYAN
13                                                   BREDHOFF & KAISER, PLLC

14
                                                     GLENN ROTHNER(CSB No. 67353)
15                                                   ROTHNER, SEGALL & GREENSTONE

16                                                   Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28


Defendants' Special Motion to Strike – Case No. 08 07870 SC